Center for Disability Access
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Amanda Seabock, Esq., SBN 289900
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Michelle Uzeta, Esq., SBN 164402
uzetalaw@gmail.com
michelleu@potterhandy.com
710 S. Myrtle Ave., #306
Monrovia, CA 91016
Ph: (626) 765-7625

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Jeanette Jaime**, <br><br> Plaintiff, <br><br> v. <br><br> **City of Cathedral City**, <br><br> Defendant. | Case No.: <br><br> **Complaint for Injunctive Relief and Damages** for Violation of: <br><br> 1. Title II of the American's With Disabilities Act, 42 U.S.C. §12131 *et seq*.; and <br> 2. California's Disabled Persons Act, Cal. Civ. Code § 54 *et seq*. |

Plaintiff Jeanette Jaime complains of Defendants City of Cathedral City and alleges as follows:

## INTRODUCTION

1. Plaintiff Jeanette Jaime ("Plaintiff"), an individual with physical impairments who uses a wheelchair for mobility, brings the instant action alleging that Defendant City of Cathedral ("City" or "Defendant") has discriminated against her on the basis of her disability in violation of the Americans with Disabilities Act ("ADA") and related state anti-discrimination statutes.

2. As detailed herein, Plaintiff alleges that Defendant has failed and/or refused to properly construct, alter, and/or maintain the public facilities of Panorama Park, including the sidewalks and curbs directly bordering the Park, so that they are accessible to and usable by her as a person with physical disabilities who uses a wheelchair.

3. As a result of Defendant's failure to ensure the accessibility and usability of the public facilities of Panorama Park Plaintiff has been, and will continue to be, denied full and equal access to the programs, services, and activities Defendants offer at and through the Park, all to her damage.

4. Through this lawsuit, Plaintiff seeks an injunction requiring Defendant to provide her "full and equal" access to Panorama Park as required by law.

5. Plaintiff also seeks damages and reasonable attorneys' fees, costs, and litigation expenses for enforcing her civil rights.

## PARTIES

6. Plaintiff is, and at all times relevant herein was, an individual and California resident.

7. The City is, and at all times relevant herein was, a municipal corporation and political subdivision of the State of California.

## JURISDICTION & VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA.

9. Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and the same transactions, is also brought under California's Disabled Persons Act, which expressly incorporates the ADA. Cal. Civ. Code § 54(c).

10. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

11. Plaintiff has physical impairments due to a spinal cord injury and requires and uses a wheelchair for mobility.

12. Plaintiff is significantly limited in her mobility and uses a wheelchair for mobility,

13. Panorama Park (hereinafter "the Park") is a public park located at 28905 Avenida Maravilla in the City of Cathedral City, California.

14. The Park is the City's oldest and largest public park.

15. The Park offers members of the public a number of amenities including bench seating; play areas; tennis courts; a half-court basketball court; a softball field; a sand volleyball court; open (unshaded) tables with barbeque stands; large shade structures with tables and barbeque stands; walking paths; and a spray pool.

16. Some facilities of the Park are offered for rent by the City to members of the public for parties and other events for a monetary fee.

COMPLAINT

17. Although currently paused due to the COVID-19 pandemic, the City has regularly hosted "Movie in the Park" events at the Park.

18. The City has altered the public facilities of the Park since January 26, 1992. These alterations include, but are not limited to, upgrades to the walking paths and athletic courts, and renovation of the perimeter of the Park.

19. Since the beginning of 2020, Plaintiff has lived on Santelmo Road in Cathedral City.

20. The Park is local to Plaintiff, located less than a third of a mile from her home.

21. Over the last six months Plaintiff has sought to access and use the Park multiple times a week to enjoy the fresh air, walking paths and other amenities contained therein.

22. Plaintiff can reach the Park within minutes by wheelchair by proceeding east on Santelmo Road and east on Tachevah Drive.

23. Unfortunately, there is no way for Plaintiff to get inside of the park from Tachevah Drive or any of the city blocks surrounding the Park in her wheelchair. There is no accessible route leading into the Park from the surrounding public rights of way.

24. The intersection of Tachevah Drive and Calada Road lacks a curb ramp.

25. The intersection of Calada Road and Peladora Road lacks a curb ramp.

26. The intersection of Peladora Road and Avenida Maravilla lacks a curb ramp.

27. The only intersection with a curb ramp is the intersection of Avenida Maravilla and Tachevah Drive. However, that curb ramp does not connect to an accessible route into the Park. The curb ramp and landing are independent; surrounded by loose dirt surfaces that are not stable, not firm

and not slip-resistant. Additionally, the change in level from the curb ramp landing to the adjacent loose dirt surfaces is greater than 1/2 of an inch.

28. There are a couple of areas midblock on the streets bordering the Park where there is clearance such that a non-disabled pedestrian might be able to access the Park. However, these areas are not accessible to or usable by people who use wheelchairs. Accessing the Park using these areas would require a wheelchair user to ride dangerously in the street for an extended period then navigate excessively sloped gutters/swales and/or surfaces that are not firm, stable or slip resistant.

29. There is a driveway that provides entry to the Park off Tachevah Drive but use of that driveway as a site entry point for the Park would require a wheelchair user to ride in the street for an extended period of time, because of the lack of curb ramps and connecting sidewalks. This is a dangerous endeavor not only because of the presence of vehicles, but also because Tachevah Drive is sloped and cracked at various points.

30. The City owns, operates and maintains the Park, as well as the sidewalks, curbs and streets surrounding the Park.

31. The lack of an accessible route into the Park has caused Plaintiff difficulty, discomfort and embarrassment. On one occasion, June 15, 2020, Plaintiff was thrown from her wheelchair and onto Tachevah Drive while riding in the street to access the Park through the existing driveway, and experienced minor scrapes and road burns.

32. In addition to the lack of accessible site arrival points, as described above, the Park lacks the required number of accessible parking spaces. Of the approximately forty-nine parking spaces provided in the Park's lot, only one designated accessible parking space is provided. Under federal accessibility standards two such spaces are required.

COMPLAINT

33. Additionally, none of the picnic tables provided for use by members of the public are located on an accessible route. All the picnic tables are sited such that they require an individual to travel through and over grass, which is not an accessible walking surface as it is neither firm, nor stable, nor slip resistant. Under federal accessibility standards at least five-percent of the picnic tables provide must be accessible and dispersed thru-out the Park. As none of the tables are on an accessible route, the picnicking facilities at the Park are not accessible to or usable by Plaintiff.

34. Plaintiff alleges, on information and belief, that there are other barriers and discriminatory policies on and in effect in the Park that relate to her disability and prevent her from having full and equal access to the Park. Plaintiff has standing to challenge such additional barriers. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them), recognizes as applicable in the Title II context in *Kirola v. City & Cty. of San Francisco*, 860 F.3d 1164, 1175 (9th Cir. 2017). Plaintiff will amend her Complaint to plead these additional barriers once a noticed, expert-led site inspection can be conducted.

35. On October 6, 2020 Plaintiff wrote to the City to explain the access barriers she experiences at the Park and describe the harms such barriers have caused and continue to cause her. In that correspondence, Plaintiff asked that the City retain a Certified Access Specialist ("CASp") to: (1) inspect the public facilities of the Park -- *including but not limited to site arrival points, parking, picnicking areas, restrooms and ball fields* -- and the surrounding sidewalks, curbs and streets; and (2) make recommendations on the remediation necessary to make the public facilities of the Park accessible to and usable by people with disabilities as required by law. Plaintiff also

asked that the City implement the recommendations of the CASp and asked that her request for remediation be considered a formal request for reasonable modification pursuant under federal law. 28 C.F.R. § 35.130(b)(7)(i).

36. The City failed to respond to Plaintiff's October 6, 2020 correspondence.

37. The City failed to act on Plaintiff's October 6, 2020 correspondence.

38. The accessibility barriers to the Park described herein have caused Plaintiff to experience difficulty, distress, embarrassment, frustration, fear and anger.

39. The accessibility barriers described herein continue to exist as of the date of the filing on this Complaint and continue to deny Plaintiff full and equal access to and use of the public facilities of the Park and the services, activities and programs offered by and through the Park.

40. The accessibility barriers described herein continue to exist as of the date of the filing on this Complaint and have prevented and deterred Plaintiff from accessing and using the public facilities of the Park and the services, programs and activities offered to the public by and through the Park.

41. The lack of compliance with applicable federal and state accessibility standards at the Park is obvious and intuitive.

42. At all times relevant herein the City had the ability and means to ensure access into and within the Park but instead, they chose not to.

43. On information and belief, the City lacks policies and procedures to ensure that that the public facilities of the Park are constructed and altered in compliance with federal and state accessibility standards.

44. On information and belief, the City lacks policies and procedures to ensure that the public facilities of the Park are maintained in compliance with federal and state accessibility standards.

COMPLAINT

45. On information and belief, the has undergone construction and/or alteration since January 1, 1982, triggering applicability of California accessibility standards, California Code of Regulations, Title 24. Plaintiff is informed and believes, and on that basis alleges that the City has failed to comply with these standards.

46. On information and belief, the Park has undergone construction and/or alterations since January 26, 1992 triggering applicability of ADA Standards for Accessible Design (ADA Standards), 36 C.F.R. pt. 1191, appxs. B and D; 28 C.F.R. pt. 36, subpart D. Plaintiff is informed and believes, and on that basis alleges that the City has failed to comply with these standards.

47. Plaintiff plans to continue to visit the Park. Until the above-described barriers to the Park are remediated and the City's discriminatory policies and procedures regarding the construction, alteration and maintenance of the Park are modified, Plaintiff will continue to experience difficulty, distress, embarrassment, frustration, fear and anger and will continue to be denied full and equal access to and use of the public facilities of the Park and the services, programs and activities offered to the public by and through the Park, all to her damage.

48. The nature of the City's discrimination, described herein, constitutes a continuing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury to Plaintiff.

49. Plaintiff has no adequate remedy at law because monetary damages, which may compensate for past unlawful conduct, will not afford adequate relief for the harm caused by the continuation of the wrongful conduct of the City and the denial of his civil rights as herein alleged. Accordingly, Plaintiff is entitled to injunctive relief.

**GOVERNMENT CLAIM FILED**

COMPLAINT

*(With regard to claims for damages under California State Law)*

50. Plaintiff timely filed a claim pursuant to § 910 et seq. of the California Government Code with the City on or about October 6, 2020. The City did not respond to the claim; the claim was denied as a matter of law.

### FIRST CAUSE OF ACTION
### Title II of the Americans with Disabilities Act
### 42 U.S.C. § 12131 *et seq.*

51. Plaintiff re-pleads the allegations contained in each of the foregoing paragraphs and incorporates them herein as if separately re-pled.

52. Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

53. Plaintiff is, and at all times relevant herein was, a person with a "disability" within the meaning of the ADA. 42 U.S.C. § 12102.

54. The City is a public entity within the meaning of the ADA. 42 U.S.C. § 12131(1).

55. The City has fifty (50) or more employees.

56. The provision, operation and maintenance of the Park for the benefit of the public is a program, service, and/or activity of the City.

57. Plaintiff is, and at all times relevant herein was, a "qualified individual with a disability" within the meaning of Title II of the ADA. 42 U.S.C. § 12131(2). As a member of the public, Plaintiff meets the essential eligibility requirements to use the Park.

58. Defendant's acts and omissions as herein alleged have excluded and/or denied Plaintiff the benefit and use of the Park, in violation of Title II

and its implementing regulations. The Defendant's discriminatory conduct includes, *inter alia*:

    a. Failing and refusing to operate the Park so that it is "readily accessible to and usable by individuals with disabilities" (28 C.F.R. § 35.150(a));

    b. Failing and refusing to maintain in operable working condition those features of the Park that are required to be readily accessible to and usable by persons with disabilities (28 C.F.R. § 35.130(b)(7))

    c. Failing and refusing to design, construct, and/or alter the Park in a manner such that it is readily accessible to and usable by individuals with disabilities, when the construction/alteration was commenced after January 26, 1992 (28 C.F.R. § 35.151);

    d. Denying Plaintiff the opportunity to participate in or benefit from the aids, benefits, or services offered by Defendant to members of the public by and through the Park, on the basis of her disabilities (28 C.F.R. § 35.130(b)(1)(i));

    e. Affording Plaintiff an opportunity to participate in or benefit from the aids, benefits, or services offered by Defendant to members of the public by and through the Park that are not equal to that afforded her non-disabled peers (28 C.F.R. § 35.130(b)(1)(ii));

    f. Otherwise limiting Plaintiff in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aids, benefits, or services offered by Defendant to members of the public by and through the Park (28 C.F.R. § 35.130(b)(1)(vii));

10

COMPLAINT

  g. Utilizing methods of administration that have the effect of subjecting Plaintiff to discrimination on the basis of her disability (28 C.F.R. § 35.130(b)(3)(i)); and

  h. Failing and refusing to make reasonable modifications in policies, practices, or procedures where necessary to avoid discrimination against Plaintiff on the basis of her disability (28 C.F.R. § 35.130(b)(7)).

59. Under Title II of the ADA Defendant was required to conduct a self-evaluation of its services, policies, and practices, and the effects thereof, by no later than January 26, 1993. 28 C.F.R. § 35.105(a).

60. On information and belief, as of the date of the filing of this Complaint, Defendant has failed to conduct a self-evaluation related to or including access to the Park.

61. Under Title II of the ADA Defendant was required to develop a transition plan setting forth the steps necessary to complete the structural changes necessary to achieve program accessibility of the Park and the City's sidewalks and curbs within six months of January 26, 1992. 28 C.F.R. § 35.150(d)(1).

62. On information and belief, as of the date of the filing of this Complaint, Defendant has failed to develop a transition plan setting forth the steps necessary to complete the structural changes necessary to achieve program accessibility of the Park.

63. Under Title II of the ADA Defendant was required to remove physical barriers that limit or deny people with disabilities access to its programs, services and activities by no later than January 26, 1995. 28 C.F.R. § 35.150(c).

COMPLAINT

64. On information and belief, Defendant has failed, since the ADA was enacted and every year thereafter, to take appropriate measures to identify and remove barriers to the Park.

65. Under Title II of the ADA, Defendant was required to provide curb ramps when streets or roads are altered through resurfacing. *See* 28 C.F.R. § 35.151(i)(1) (Newly constructed or altered streets, roads, and highways must contain curb ramps or other sloped areas at any intersection having curbs or other barriers to entry from a street level pedestrian walkway) and § 35.151(i)(2) (Newly constructed or altered street level pedestrian walkways must contain curb ramps or other sloped areas at intersections to streets, roads, or highways).

66. On information and belief, Defendant has altered the streets surrounding the park through resurfacing since January 26, 1992 and have failed to provide ADA-compliant curb ramps concurrent with that alteration at the intersections of Tachevah Drive and Calada Road; Calada Road and Peladora Road; Peladora Road and Avenida Maravilla; and/or Avenida Maravilla and Tachevah Drive.

67. Under Title II of the ADA, "[i]f a public entity has responsibility or authority over streets, roads, or walkways, its transition plan shall include a schedule for providing curb ramps or other sloped areas where pedestrian walks cross curbs, giving priority to walkways serving entities covered by the Act, including State and local government offices and facilities, transportation, places of public accommodation, and employers, followed by walkways serving other areas." 28 C.F.R. § 35.150(d)(2).

68. On information and belief, as of the date of the filing of this Complaint, Defendant has failed to develop a curb ramp schedule.

69. Title II of the ADA requires public entities to undertake barrier

COMPLAINT

removal as a "reasonable modification" in response to a request by, or on behalf of, someone with a disability. 28 C.F.R. § 35.130(b)(7).

70. Defendants violated the ADA by refusing to undertake barrier removal at the Park as a "reasonable modification" in response to Plaintiff's request for the same.

71. Defendant's duties under Title II of the ADA pertaining to the accessibility of the Park are mandatory and long-established. Defendant had knowledge of its duties at all times relevant herein; its failure to carry out said duties as alleged herein was a willful and knowing decision and choice, and/or the product of deliberate indifference.

72. Defendant was provided actual notice of the barriers to the Park and its discriminatory policies; the impact those barriers and discriminatory policies have on Plaintiff; and its duty to remove and modify such barriers and policies under Title II of the ADA and related state statutes. Despite this knowledge, Defendant has failed and refused to take any steps to remove the barriers, modify their policies or otherwise address Plaintiff's concerns. Defendant's failures in this regard constitute deliberate indifference.

73. Pursuant to 42 U.S.C. §§ 12133 and 12205, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
### Unruh Civil Rights Act
### California Civil Code § 51 *et seq.*

74. Plaintiff re-pleads the allegations contained in each of the foregoing paragraphs and incorporates them herein as if separately re-pled.

75. The Unruh Civil Rights Act ("Unruh Act") guarantees, *inter alia*, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of

COMPLAINT

every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code § 51(b).

76. By the Unruh Act's express terms, which incorporate the ADA, it applies to public entities. *See* Cal. Civ. Code § 51(f)("A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.")

77. A violation of the ADA is a *per se* violation of the Unruh Act. Cal. Civ. Code § 51(f).

78. Plaintiff is, and at all times relevant herein was, a "physically disabled person" as that term is defined under California law, Cal. Gov. Code § 12926.

79. The City is a "business establishment" for purposes of the Unruh Act in this instance. The City has engaged in behavior involving "businesslike attributes" in that it rents out the facilities of the Park to members of the public for monetary gain. As such, Defendant must operate the facilities of the Park in a manner that complies with the provisions of the Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq*.

80. Defendant has violated the Unruh Act by, *inter alia*, denying, or aiding or inciting the denial of, Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services at the Park.

81. Defendant has also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiff's rights to equal access arising from the provisions of the ADA. *See* Plaintiff's First Cause of Action.

82. Defendant's duties under the Unruh Act pertaining to the accessibility of the Park are mandatory and long-established. Defendant has knowledge of their duties at all times relevant herein; its failure to carry out said duties as alleged herein was a willful and knowing decision and choice, and/or the product of deliberate indifference.

83. Defendant was provided actual notice of the barriers to the Park and its discriminatory policies; the impact those barriers and discriminatory policies have on Plaintiff; and its duty to remove and modify such barriers and policies under the Unruh Act and related federal and state laws. Despite this knowledge, Defendant has failed and refused to take any steps to remove the barriers, modify their policies or otherwise address Plaintiff's concerns. Defendant's failures in this regard constitute deliberate indifference.

84. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code §52, Plaintiff prays for judgment as set forth below.

## THIRD CAUSE OF ACTION
## California Disabled Persons Act
## California Civil Code § 54 *et seq.*
## *(Statutory damages and attorneys' fees only)*

85. Plaintiff re-pleads the allegations contained in each of the foregoing paragraphs and incorporates them herein as if separately re-pled.

86. The Disabled Persons Act ("CDPA") provides that "[i]ndividuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, … public facilities, and other public places." Cal. Civ. Code §54 (a).

87. The CDPA also provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, … and privileges of all … places of public accommodation, and other places to which the general public is invited." Cal. Civ. Code § 54.1(a)(1).

88. A violation of the ADA constitutes a violation of the CDPA. Cal. Civ. Code §§ 54(c) and 54.1(d).

89. Any person or persons, firm or corporation who denies or interferes with an individual's rights under Section 54 is liable for each offense. Cal. Civ. Code §54.3(a).

90. The Park is a public facility and/or public place as contemplated by the CDPA.

91. As the owners and or operators of the Park, Defendant is obligated to comply with the provisions of the CDPA.

92. Defendant is a "person" and/or "corporation" subject to California Civil Code section 54.3.

93. Defendant's acts and omissions, as herein alleged, have violated the CDPA by denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal access to the accommodations, advantages, facilities, and privileges of the Park. Among other things, Defendant failed to ensure that those of its public facilities at the Park constructed or altered after December 1981 conformed to the standards contained in California Code of Regulations, Title 24.

94. Defendant's acts and omissions, as herein alleged, have also violated the CDPA by denying, or aiding or inciting the denial of, Plaintiff's rights to equal access arising from the provisions of the ADA. *See* Plaintiff's First Cause of Action.

95. Defendant's duties under the CDPA are mandatory and long established. Defendant is deemed to have had knowledge of its duties at all times relevant herein; its failure to carry out said duties as alleged herein was willful and knowing and/or the product of deliberate indifference.

96. Defendant was provided actual notice of the barriers to the Park and its discriminatory policies; the impact those barriers and discriminatory policies have on Plaintiff; and its duty to remove and modify such barriers and policies under the CDPA and related federal and state laws. Despite this

knowledge, Defendant has failed and refused to take any steps to remove the barriers, modify its policies or otherwise address Plaintiff's concerns. Defendant's failures in this regard constitute deliberate indifference.

97. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 54.3(a), Plaintiff prays for statutory damages and attorneys' fees under Cal. Civ. Code § 54.3(a). *Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the CDPA.*

## PRAYER

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Issue an injunction pursuant to the ADA and Unruh Act enjoining Defendant to remediate the Park and modify its discriminatory policies related to the construction, alteration and maintenance of the Park to comply with applicable accessibility standards and ensure that people with disabilities including Plaintiff have full and equal access to and use of the Park;

b. Award Plaintiff general, compensatory, and statutory damages in an amount within the jurisdiction of this Court;

c. Award Plaintiff attorneys' fees, litigation expenses, and costs of suit, as provided by law; and

d. Award such other and further relief as the Court may deem just and proper.

Dated: January 5, 2021

By: /s/ Michelle Uzeta
Michelle Uzeta, Esq.
Attorneys for Plaintiff

COMPLAINT